BECKWITH, District Judge,
concurring.
I write separately to voice a concern that this result not be interpreted to encourage the filing of stale petitions raising dubious claims of actual innocence.
As Justice O’Connor once noted, the principles that inform federal habeas jurisprudence are “finality, federalism, and fairness.” Withrow v. Williams, 507 U.S. 680, 697, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993) (concurring in part and dissenting in part). Any equitable exception to the procedural time limits imposed by Congress upon state habeas petitions implicates all three principles. Of course, actual innocence of a crime despite a conviction that has been affirmed on direct review raises fundamental concerns about fairness to the petitioner, and in some cases the integrity of the judicial system. Thus a credible demonstration of actual innocence has traditionally been treated as sufficient, standing alone, to outweigh the interests of finality and federalism. As this Court recognized in Souter v. Jones, 395 F.3d 577, 600 (6th Cir.2005), an exception to timeliness should be made in “... the rare and extraordinary case where a petitioner can demonstrate a credible claim of actual innocence.” Indeed, I am of the view that a credible claim of actual innocence functions as a wholly separate and superceding circumstance that acts as an “equitable exception” to the statute of limitations. See Lee v. Lampert, 653 F.3d 929, 933 at n. 5 (9th Cir.2011) (en banc).
However, federal habeas jurisprudence also demonstrates that such claims are rare, constituting a “narrow class of cases ... implicating a fundamental miscarriage of justice.” Schlup v. Delo, 513 U.S. 298, 314-315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Schlup held that in order to credibly claim actual innocence, a petitioner “must show that it is more likely than not that no reasonable juror would *677 have convicted him in the light of the new evidence.” Id. at 327, 115 S.Ct. 851 (emphasis added). Moreover, any such new evidence presented must be reliable, whether it consists of “exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence ... that was not presented at trial.” Id. at 324, 115 S.Ct. 851. Thus a petitioner must present more than an existential possibility of innocence that rests on speculation, or present arguments that simply revisit minor discrepancies in trial testimony or evidence. A petitioner who can present new and reliable evidence of actual innocence under these exacting standards should be entitled to a review of his claims of constitutional error without the untimeliness of his petition standing in the way. The result reached here should not be interpreted in any way to alter or lower these exacting standards.
I also believe that this result does not preclude any and all consideration of the timeliness of a petitioner’s presentation of new evidence. The traditional judicial function of evaluating the credibility of witnesses and the quality and reliability of evidence often involves the consideration of when and how the evidence or witnesses came to light or were discovered by a petitioner. I wish to emphasize that nothing in our opinion should be understood to limit or cabin that traditional function.